IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1123-WJM

LEE HELM,

    Applicant,

v.

SEAN FOSTER, Warden, A.V.C.F.,

    Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Third Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 16)[1] ("Third Amended Application") filed *pro se* by Applicant Lee Helm on May 14, 2018. On October 15, 2018, the Court entered an order directing Respondent to show cause as to why the Third Amended Application should not be granted (ECF No. 23). Respondent filed a Response to Application for Writ of Habeas Corpus on November 26, 2018 (ECF No. 29), stating that Applicant has been released on parole. Applicant has not filed a Reply or otherwise communicated with the Court (*see* Docket). Having considered the parties' filings, the Court denies the Third Amended Application and dismisses this action without prejudice as moot.

---

[1] "(ECF No. 16)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document on the electronic docket is used throughout this order.

1

## I. BACKGROUND

In 1991, Applicant was sentenced to an indeterminate sentence under the Colorado Sex Offenders Act of 1968. (ECF No. 16; ECF No. 29-1). On May 5, 2017, he commenced this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). At that time, he was in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. The Court granted him leave to proceed *in forma pauperis*. (ECF No. 4). At the Court's direction, on May 14, 2018, Applicant filed the Third Amended Application, which is the operative pleading. (ECF Nos. 15, 16). A detailed procedural history of this action is set forth in the Order entered September 13, 2018. (ECF No. 17).

In the Third Amended Application, Applicant alleges two claims for relief: 1) the denial of due process with regard to the periodic judicial review aspect of his sentence; and 2) the denial of equal protection because Applicant is due "the same rights as those civily [*sic*] committed," because the sentence related to his underlying crime allegedly has been served. (ECF No. 16 at 2-6). Applicant requests various injunctive relief geared toward judicial review of his confinement, and the primary purpose of the Application appears to be discharge from custody. (*Id.* at 10).

In the Response to Application for Writ of Habeas Corpus, Respondent argues the Third Amended Application is moot because, while it was pending, Applicant "completed the custodial portion of his sentence and was released on parole." (ECF No. 29 at 5). The Parole Board approved his release effective July 19, 2018, for a period of five years on parole. (ECF No. 29-1 at 7). Respondent further argues that,

in any event, Applicant's constitutional claims lack merit. (ECF No. 29 at 5-10).

Review of the docket in this action demonstrates that Applicant has not provided a change of address to the Court as required by Local Rule 5.1(c). His contact information remains his prior place of incarceration at the Arkansas Valley Correctional Facility. Mail directed to Applicant was returned to the Court as undeliverable on September 25 and October 23 and 25, 2018. (ECF Nos. 18, 25, 26). The return envelopes indicate "parole." (*Id.*). Since the filing of the Third Amended Application on May 14, 2018, Applicant has not made any other filing on the docket. (*See* Docket).

## II. STANDARD OF REVIEW

### a. Habeas Corpus

The remedy of habeas corpus is available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The applicant must satisfy the custody requirement at the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The traditional function of the writ is "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see also *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). "[T]he types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012) (citations omitted).

Applicant was incarcerated at the time he initiated this action in May 2017. His subsequent release on parole satisfies the statutory "in custody" requirement. *Jones v.*

*Cunningham,* 371 U.S. 236, 241 (1963) (state prisoner on parole was "in custody" for purposes of § 2241 proceeding).

### b. Pro Se Litigant

Applicant proceeds *pro se.* Therefore, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

### c. Mootness

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520

U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, an actual injury traceable to respondents and likely to be redressed by a favorable judicial decision. *Id.* (citation omitted). A habeas application is not moot if the applicant continues to suffer collateral consequences because of the challenged action. *Id.* at 7, 14-16.

### III. ANALYSIS

The Court agrees with Respondent that Applicant's release on parole moots the Third Amended Application, unless Applicant can demonstrate a "concrete and continuing injury" that is a collateral consequence of the absence of judicial review during his confinement. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir.1986) (per curiam) (dismissing appeal as moot where the § 2241 petition challenged a delay in the applicant's parole date and he was released on parole during pendency of the appeal); *Dumas v. U.S. Parole Comm'n*, No. 09-3327, 397 F. App'x 492, 493-94

5

(10th Cir. Oct. 7, 2010) (unpublished) (finding that habeas petition challenging the postponement of petitioner's release date was moot following his release, absent a demonstration that he was subject to continuing collateral consequences as a result of the delayed parole release); *Robledo-Valdez v. Trani*, No. 12-cv-02203-WYD, 2013 WL 3216093, at *2 (D. Colo. June 25, 2013) (concluding that "[o]nce Applicant was released on parole in January 2013, he no longer had a redressable injury arising from the denial of his parole application in September 2011," citing *Vandenberg*); *Scott v. Warden, Buena Vista Correctional Facility*, No. 11-cv-00361-WJM, 2011 WL 3759803, at * 3 (D. Colo. Aug. 25, 2011) (determining that § 2241 petition was moot because "once Petitioner was reparoled on August 5, 2008, he no longer had a redressable injury arising from the postponement"; and, further finding that the petitioner failed to establish the existence of collateral consequences resulting from the postponement).

Applicant does not allege any continuing collateral consequences, and no such collateral consequences are apparent. The gravamen of the Third Amended Application is Applicant's request for judicial review of his confinement resulting in release on parole. (ECF No. 16 at 3, 5). Applicant has been released on parole. The alleged absence of judicial review while Applicant was incarcerated is a past action that has no demonstrable continuing effect. *See Spencer*, 523 U.S. at 18 (the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong"); *accord Rhodes*, 676 F.3d at 935 (finding habeas petition moot where "the best this court could do for [the petitioner] would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III). Consequently, the Third

6

Amended Application will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

Based on the above findings, the Court concludes that Applicant fails to present a continuing case or controversy for purposes of Article III, thereby mooting the Third Amended Application.

For the reasons stated herein, it is

**ORDERED** that the Third Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 16) is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. It is further

**ORDERED** that that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated this 30th day of January, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge